*Leonard Farmer, for appellant.*

*Jno. Goodin, for appellee.*

---

JNO. HALY v. JNO. BUCKLEY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—673.]

**Sale by Commissioner.**

Where in a commissioner's sale of real estate the decree of the court is followed and neither fraud nor unfairness is shown, the sale will not be set aside at the instance of the owner because he may think the property did not bring a high enough price.

APPEAL FROM FRANKLIN CIRCUIT COURT.

March 20, 1886.

OPINION BY JUDGE PRYOR:

We perceive no reason for setting aside the sale of the commissioner of the house and lot in question. The notes for the purchase-money show the manner in which the sale was made, and the owner of the property knew of the time and place for making the sale. He was present at the sale with the party who is now offering an advanced bid, and if the commissioner had sold both

houses at one time or as a whole he would have violated the directions of the chancellor and the sale would have been set aside. We do not find the affidavit of the commissioner in the record, and have looked to the affidavits, etc., filed by the appellant alone, and see no reason for disturbing the rights of the purchaser. Neither fraud nor unfairness have been shown, and to declare such sales invalid for the reasons assigned in this case would be to deter persons from bidding at judicial sales, leaving the debtor at the mercy of his creditor, who alone could afford to bid for the property in order to satisfy his debt.

Judgment *affirmed*.

*Hargis & Eastin, G. W. Craddock, for appellant.*

*Jno. W. Rodman, for appellees.*